UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUSINESS HEALTH SOLUTIONS, P.C.,


     Plaintiff,                    2:16 CV 12830


 -vs-

MEDICAL DIAGNOSTIC
LABORATORIES, LLC and
JOHN DOES 1-10,

     Defendants.

### COMPLAINT – CLASS ACTION

*Plaintiff is not aware of any related cases.*

1.    Plaintiff, Business Health Solutions, P.C., brings this action to secure

redress for the actions of Defendant Medical Diagnostic Laboratories, LLC

("Medical Diagnostic"), in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines in violation of the Telephone

Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.    The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink

or toner and the use of its fax machine.  The recipient also wastes valuable time it

1

would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.      Plaintiff Business Health Solutions, P.C., is a professional corporation with offices at 17197 North Laurel Park Drive, Suite 107, Livonia Michigan 48152, where it maintains telephone facsimile equipment.

4.      Defendant Medical Diagnostic Laboratories, LLC is a New Jersey limited liability company with a principal place of business in New Jersey. Its principle offices are 2439 Kuser Road, Hamilton, New Jersey 08690.

5.       Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7.      Personal jurisdiction is proper because Defendant has committed tortious acts in this District by causing the transmission of unlawful communications into the District.

8.      Venue in this District is proper for the same reason.

## FACTS

9.      On February 2016, Business Health Solutions, P.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

10.     Discovery may reveal the transmission of additional faxes as well.

11.     Medical Diagnostic is responsible for sending or causing the sending of the fax.

12.     Medical Diagnostic as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

13.     Medical Diagnostic either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the fax.

14.     Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to Plaintiff.

15.     The  fax does not contain an "opt out" notice in the form required by 47 U.S.C. § 227.

16.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

17.     On information and belief, Defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Michigan.

18.     There is no reasonable means for Plaintiff or other recipients of Defendant's

unsolicited advertising fax to avoid receiving illegal faxes.  Fax machines must be

left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

19.     Plaintiff incorporates ¶¶ 1-18.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone

facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21.     The TCPA,  47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of
a State, bring in an appropriate court of that State–

(A)  an action based on a violation of this subsection or the
regulations prescribed under this subsection to enjoin such
violation,

(B)  an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such violation,
whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated
this subsection or the regulations prescribed under this subsection, the
court may, in its discretion, increase the amount of the award to an
amount equal to not more than 3 times the amount available under the
subparagraph (B) of this paragraph.

4

22.   Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes, in the form of paper and ink or toner consumed as a result.

Furthermore, Plaintiff's statutory right of privacy was invaded.

23.   Plaintiff and each class member is entitled to statutory damages.

24.   Defendant violated the TCPA even if its actions were only negligent.

25.   Defendant should be enjoined from committing similar violations in the

future.

## CLASS ALLEGATIONS

26.   Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on

behalf of a class, consisting of (a) all persons (b) who, on or after a date four years

prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on

behalf of Medical Diagnostic Laboratories, LLC promoting its goods or services for

sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

27.   The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

28.   There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant

common questions include:

   a.   Whether Defendant engaged in a pattern of sending unsolicited fax

5

advertisements;

b.   The manner in which Defendant compiled or obtained its list of fax

numbers;

c.   Whether Defendant thereby violated the TCPA.

29.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff

has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any

interests which might cause them not to vigorously pursue this action.

30.   Plaintiff's claims are typical of the claims of the class members.  All are

based on the same factual and legal theories.

31.   A class action is the superior method for the fair and efficient adjudication of

this controversy.  The interest of class members in individually controlling the

prosecution of separate claims against Defendant is small because it is not

economically feasible to bring individual actions.

32.   Several courts have certified class actions under the TCPA.   *Holtzman v.*

*Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in

relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C

2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v*

*Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v*

6

*Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

33.   Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

a.      Statutory damages;

b.      An injunction against the further transmission of unsolicited fax

        advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

                          ADAM G. TAUB & ASSOCIATES
                          CONSUMER LAW GROUP, PLC

                    By:    /s/ Adam G. Taub
                           Adam G. Taub (P48703)
                           17200 W 10 Mile Rd Suite 200
                           Southfield, MI 48075
                           Phone:  (248) 746-3790
                           Email:   adamgtaub@clgplc.net


                           /s/ Daniel A. Edelman
                           Daniel A. Edelman
                           Cathleen M. Combs
                           EDELMAN, COMBS, LATTURNER
                               & GOODWIN, LLC
                           20 S. Clark Street, Suite 1500
                           Chicago, Illinois  60603
                           (312) 739-4200
                           (312) 419-0379 (FAX)
                           Email: dedelman@edcombs.com

8

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)